|  |  |
|---|---|
| TECTURA CORPORATION,<br><br>        Petitioner,<br><br>    vs.<br><br>LABUDDE GROUP, INC.,<br><br>        Respondent. | Case No: C 08-5752 SBA<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND DENYYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Docket 27, 32 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Petitioner Tectura Corporation ("Tectura") filed a Petition to Compel Arbitration against Respondent LaBudde Group, Inc. ("LaBudde"), pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"). The parties are presently before the Court on the parties' cross-motions for summary judgment. (Docket 27, 32.) Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Tectura's motion and DENIES LaBudde's motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

**I.     BACKGROUND**

   **A.     FACTUAL SUMMARY**

Tectura is a Delaware corporation with its principal place of business in Redwood City, California. The company provides consulting services, software, and information technology implementation. LaBudde is a Wisconsin corporation with its principal place of business in Grafton, Wisconsin. LaBudde is in the business of buying and re-selling food byproducts into the agricultural and pet food animal feed markets.

On May 15, 2007, Tectura and LaBudde entered into a contract consisting of a Master Services Agreement ("MSA") and Statement of Work ("SOW"), under which Tectura agreed

to upgrade LaBudde's software program and to provide related services.  The MSA contained an arbitration clause which states as follows:

> *Any claim or controversy arising out of, relating to or based on this Agreement, or the breach or claimed breach thereof, shall be settled by arbitration before a single arbitrator acceptable to both parties*, sitting in San Mateo County or Santa Clara County, California by the American Arbitration Rules…*Neither party will resort to any court except to compel arbitration*, enforce a rendered award, or to seek injunctive relief in accordance with Section 10(a) above [concerning injunctive relief for protection of confidential information, intellectual property, or employment relationships.]

Kwaterski Decl. Ex. A, MSA § 11(j) (emphasis added).  The SOW expressly incorporates by reference the terms and conditions set forth in the MSA.  Id. Ex. A, SOW at 1.

Tectura started work on the software upgrade and implementation in May of 2007 and "went live" with the upgrade in September of 2007.  However, during the summer of 2008, disagreements arose between the parties regarding the performance of the software upgrade, and LaBudde ceased paying Tectura's invoices.

On August 14, 2008, LaBudde filed a lawsuit for breach of contract against Tectura in Wisconsin state court.  Id. Ex. B.  Tectura was served with a copy of the complaint but failed to respond.  As a result, LaBudde obtained a default judgment from the Wisconsin court on October 7, 2008.  Id. Ex. C.  On October 31, 2008, Tectura filed a motion to vacate the default judgment.  Id. Ex. D.  After filing such motion, Tectura notified LaBudde of its intention to enforce the arbitration clause contained in the parties MSA.  Id. Ex. E.  The Wisconsin state court denied Tectura's motion to vacate the default judgment on March 13, 2009.  Id. Ex. G.

**B.    PROCEDURAL HISTORY**

On December 24, 2008, Tectura filed a Petition to Compel Arbitration in this Court.  Both parties have filed cross-motions for summary judgment.  Docket 27, 31.  Although LaBudde does not dispute the scope or validity of the arbitration clause contained in the MSA, it opposes the petition on two grounds.  First, LaBudde argues that the judgment of the Wisconsin court should be accorded res judicata effect, thereby precluding arbitration.  Second,

LaBudde argues that Tectura waived its right to arbitration by failing to make a request for arbitration in the Wisconsin action. The Court discusses these issues in turn.

## II. LEGAL STANDARD

Under the FAA, any party bound to an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration. 9 U.S.C. § 4. When faced with a petition to compel arbitration, the district court's role is a discrete and narrow one. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead *mandates* that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985)) (emphasis added). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. … If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Id. "[A]ll doubts are to be resolved in favor of arbitrability." Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 721 (9th Cir. 1999).

## III. DISCUSSION

### A. RES JUDICATA

Neither party disputes the validity of the arbitration clause nor the fact that the underlying dispute—namely, LaBudde's claim for breach of contract—falls within the scope of the clause.[1] Rather, LaBudde's principal argument is that arbitration is precluded under the doctrine of res judicata as a result of the default judgment entered by the Wisconsin state court. This contention lacks merit. The law is clear that once a court has determined the dispute at issue is within the scope of a valid arbitration clause, any defenses to that dispute are questions for the arbitrator, not the court, to decide. See United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 763 (9th Cir. 2002) (clause stating that "[a]ny controversy or claim arising out of or

---

[1] LaBudde's complaint filed in Wisconsin state court alleged that Tectura breached the SOW. Kwaterski Decl. Ex. B, ¶¶ 7, 15. Claims for breach of contract are *expressly* within the scope of the arbitration clause. Id. A, MSA § 11(j).

relating to this Agreement or the breach thereof shall be settled by arbitration" was sufficient to confer the arbitrator with the power to resolve question of whether a prior court judgment has res judicata effect); Chiron, 207 F.3d at 1132 ("a res judicata objection based on a prior arbitration proceeding is a legal defense that, in turn, is a component of the dispute on the merits and must considered by the arbitrator, not the court.").

LaBudde argues that Chiron is distinguishable because the res judicata defense was based on a prior arbitration award, as opposed to a state court judgment. That distinction is inapposite. As explained in United Computer, the question of *who* should determine the applicability of a res judicata defense is determined by the language of the arbitration clause. 298 F.3d at 764. Here, the arbitration clause is broadly worded to provide that "[*a*]*ny claim or controversy* arising out of, relating to or based on this Agreement" is for the arbitrator to decide. Kwaterski Decl. Ex. A, MSA ¶ 11(j) (emphasis added). The Ninth Circuit has held that this type of language is sufficiently broad to confer the arbitrator with the authority to decide the applicability of a res judicata defense. See United Computer, 294 F.3d at 764. Moreover, any differences as to the procedural manner in which the prior judgment was obtained is insufficient to divest the arbitrator of his or her authority to resolve the defense. See id.; Zurich Am. Ins. Co. v. Watts Indus., Inc., 466 F.3d 577, 581 ("The preclusive effect of the California state court judgment is a matter for the arbitrator to decide because Watts wishes to use the preclusive effect of the California state court judgment as a defense to Zurich's attempt to compel arbitration."). Thus, the fact that LaBudde is relying on a prior state court judgment as its basis for opposing arbitration does not alter the conclusion that the effect of such judgment, if any, is for the arbitrator's consideration.

### B. WAIVER

As an alternative matter, LaBudde contends that Tectura waived its right to arbitration by not making a timely demand for arbitration in response to LaBudde's Wisconsin complaint. To establish waiver, the party alleging waiver must show: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. See United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921 (9th Cir. 2009). An allegation of waiver must be resolved in

light of the FAA's preference for arbitration, Moses, 460 U.S. at 24-25, and the party alleging waiver of arbitration bears "a heavy burden of proof" to show waiver, Park Place Assocs., Ltd., 563 F.3d at 921.

Based on the record presented, the Court is not persuaded that LaBudde has satisfied its "heavy burden of proof" to establish waiver. LaBudde alleges that Tectura's failure to assert its right to compel arbitration in the Wisconsin action is inconsistent with its Petition to Compel Arbitration. However, Tectura's failure to appear in the Wisconsin action and raise the arbitration clause as an affirmative defense does not establish waiver. See Britton v. Co-op Banking Group, 916 F.2d 1405, 1413 (9th Cir. 1990) (failure to raise the right to arbitrate as an affirmative defense is not sufficient, absent a showing of prejudice, to establish waiver).[2] Moreover, it is questionable whether Tectura had any obligation to participate in the Wisconsin breach of contract action in the first instance given the unequivocal language of the MSA stating that "[n]either party will resort to any court except to compel arbitration." Kwaterski Decl. Ex. A, MSA § 11(j).

In addition, LaBudde has not demonstrated that it was prejudiced by the delay. LaBudde's claim of prejudice rests entirely on the notion that Tectura filed this action in a "distant forum, at much greater expense and inconvenience to LaBudde than had Tectura timely sought arbitration in response to the complaint." (LaBudde MSJ at 12.) LaBudde cites no authority for the proposition that a party claiming waiver can satisfy its "heavy burden" simply by complaining that the petition to compel arbitration was filed in an allegedly inconvenient forum. Moreover, LaBudde ignores that in Section 9(g) of the MSA, it expressly consented to "the exclusive jurisdiction and venue in the state and federal courts for San Mateo County, Califonia." Having so agreed, LaBudde's complaints about litigating in this forum ring hollow. At bottom, the Court concludes that LaBudde has failed to establish that Tectura waived its right to seek arbitration.

---

[2] Section 11(d) of the MSA also provides that, "The failure or delay by either party to enforce any provision of this Agreement will not be deemed a waiver of future enforcement of that or any other provision." Kwaterski Decl. Ex. B

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT Petitioner's Motion for Summary Judgment (Docket 32) is GRANTED and Respondent LaBudde Group, Inc.'s Motion for Summary Judgment (Docket 27) is DENIED.  The parties are ordered to submit their dispute to arbitration in accordance with the terms of the MSA.  The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated:  December 3, 2009

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge